**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION**

| | |
|---|---|
| **JIMMY DISMUKE and** | |
| **RAINBOW HOG FARM, INC.** | **PLAINTIFFS** |
| | |
| VS. Case No. 05-CV-1003 | |
| | |
| **MIKE JOHANNS, DEPARTMENT OF** | |
| **AGRICULTURE UNITED STATES OF** | |
| **AMERICA** | **DEFENDANT** |

## ORDER

Before the Court are Defendant Mike Johanns, Department of Agriculture, United States of America's ("Defendant") motion to dismiss in part (Ecf. doc. 7) and renewed motion to dismiss in part (Ecf. doc. 13). Plaintiff Jimmy Dismuke and Rainbow Hog Farm, Inc. ("Plaintiff") has responded. (Doc. 22). The Court finds these motions ripe for consideration, and upon consideration, find the motions to dismiss should be and hereby are granted in part and denied in part, for the reasons that follow.

**I.    Background**

On September 30, 2002, Plaintiff, proceeding pro se, filed a complaint in the United States District Court for the District of Columbia. (Ecf. doc. 1). The complaint was captioned "For Declaratory Judgment, Review of Agency Action, Violations of Equal Credit Opportunity Act, Violations of title VI of the Civil Right Act of 1964 and Reprisal." The complaint alleged that from January 2001 to 2002, Plaintiff was discriminated against in his participation in federal farm programs and was discriminated against in the processing of his discrimination complaints. Plaintiff cited as statutory authority for bringing this lawsuit the "civil Right (sic) Act of 1964" and the "Equal Credit Opportunity Act" and states that the basis for his complaint is "reprisal for participating in Civil Rights Activity." Plaintiff closed by "adopting all pleadings and briefs in the Pigford v. Glickman Class Action Law Suit. Civil Action No. 97-1978 (PLF)."

After two extensions of time, on July 11, 2003, Defendant filed a Motion to Dismiss in Part and a Partial Answer to Plaintiff's Complaint. (Ecf. doc. 8). Rather than filing a response to the Motion to Dismiss, Plaintiff filed an Amended Complaint. (Ecf. doc. 11).

Again, this amended complaint was filed pro se. In this amended complaint, Plaintiff claims that jurisdiction in this case is founded on "15 U.S.C. § 1961, 28 U.S.C. § 1331, 28 U.S.C. § 1343, 28 U.S.C. § 2201, 42 U.S.C. § 706, Title VI of the Civil Rights Act of 1964," 42 U.S.C. § 2001d, et seq. (Title VI). Plaintiff alleges that he lives in Ouachita County, Arkansas, he is a farmer, and he owns Rainbow Hog Farms, Inc., and the land on which he farms. Plaintiff alleges that in 2001 he applied to the Farm Service Agency (FSA) for a farm loan, and Defendant failed to process and provide technical support for his loan, and–during the loan processing– referenced how the money was spent from the award in the Pigford Class Action Lawsuit and harassed him. Plaintiff alleges that he owns Rainbow Hog Farm, Inc., the land on which he farms. Plaintiff claims that the improper processing of his farm loan caused Rainbow Hog Farm to lose "a lesser amount of purchase for cattles." Plaintiff alleges that he filed a complaint with the Defendant in May 2001, and to date, his complaint has never been investigated or if any investigation has been conducted, it was a sham, and he has never been notified of the findings and outcome of his requested investigation. Plaintiff claims these facts violate the Equal Credit Opportunity Act (ECOA)(15 U.S.C. § 1691, et seq.) the Administrative Procedure Act (APA)(5 U.S.C. § 551), and the Equal Lending Opportunity Act (7 C.F.R. Part 12, 15, 22, 24)[1]. Sometime after filing his amended complaint, Plaintiff retained an attorney; however, Plaintiff has not filed another amended complaint.

In response to the amended complaint, Defendant filed a renewed Motion to Dismiss and

---

[1] It appears that the United States Code does not contain an Equal Lending Opportunity Act and Plaintiff meant to refer to the ECOA. Plaintiff's citation to the Code of Federal Regulations regard regulations relating to the Office of the Secretary of Agriculture.

Motion to transfer the case to the United States District for the Western District of Arkansas[2]. (Ecf. doc. 12). The U.S. District Court for the District of Columbia Court granted the motion to transfer the case but did not rule on the merits of Defendant's motion to dismiss. Plaintiff did not file a response to the Motion to Dismiss in the District of Columbia Court, and, after several lengthy extensions of time, Plaintiff has filed a response to the motion to dismiss. (Doc. 22).

**II.     Discussion**

In ruling upon a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, the court is required to accept the factual allegations of Plaintiff's complaint as true and view the facts in the light most favorable to him. Miller v. Pilgrim's Pride Corp., 366 F.3d 672, 673 (8th Cir. 2004). The court may grant the Defendant's motion only if, after so viewing the pleadings, it is patently clear that there is no set of facts that Plaintiff could prove thereunder which would entitle it to the relief sought in the complaint. Id.

In ruling on a Federal Rule of Civil Procedure 12(b)(1) motion to dismiss of lack of subject matter jurisdiction, asserting a facial challenge to jurisdiction, the Court must determine whether the asserted jurisdiction is patently meritless by looking to the face of the complaint. McKenzie v. City of White Hall, 112 F.3d 313, 316 (8th Cir. 1997). An attack on subject matter jurisdiction may be raised at any time, and the burden of proving subject matter jurisdiction is on the plaintiff. VS Ltd. Partnership v. Department of Housing and Urban Development, 235 F.3d 1109 (8th Cir. 2000).

The Court's task is made more difficult because Plaintiff's response to the Defendant's motion to dismiss is largely incomplete and hard to understand at times. Plaintiff begins by stating that the original complaint sought violations of rights under the Equal Protection and Due Process clauses of the Fifth Amendment, the ECOA, the APA, violations of rights under 42 U.S.C. § 1981 and violations of the Arkansas Constitution. This is simply not true. As the Court

---

[2] Defendant also a Motion to Dismiss in the companion case to this lawsuit (Case No. 05-CV-1004).

set out above, Plaintiff's most recent amended complaint alleges violations of Title VI, the ECOA, the APA, the ELOA.  Plaintiff's offer to aver to his claims of violations of rights under the Equal Protection and Due Process clauses of the Fifth Amendment, violations of 42 U.S.C. § 1981, and Arkansas Constitutional Tort, however generous, is irrelevant.

The Court will turn to the arguments raised by Defendant's motion to dismiss and Plaintiff's response. Defendant first argues that all claims brought by Rainbow Hog Farms should be dismissed because it is not a proper party to this action.  Plaintiff fails to address this argument in his response.  Defendant argues that Plaintiff's complaint fails to allege that Rainbow Hog Farms ever applied for any benefit or exhausted any administrative remedies prior to seeking judicial review.  Plaintiff's pro se complaint must be construed liberally.  In it, Plaintiff alleges that he owns Rainbow Hog Farm, Inc., and that the improper processing of his farm loan caused Rainbow Hog Farm to lose a lesser amount of purchase for cattles.  The Court feels that it is premature to dismiss Rainbow Hog Farms, Inc., as a party to this action.

Defendant also argues that Plaintiff's claims of improper processing of his discrimination complaint under the ECOA should be dismissed because they do not involve the grant of credit to the complainant.  Plaintiff fails to address this argument in his response.  Plaintiff instead argues without discussion "it is clear that Plaintiffs can prove facts which support their claims and that would entitled him to relief . . . [t]herefore, the Court has subject matter jurisdiction over the Plaintiffs' claims for violations of the ECOA and they can not be dismissed."  The Court agrees with Defendant that Plaintiff's ECOA claims are improper in part to the extent that his complaint can be construed to allege the improper processing of his administrative civil rights complaint.  See Wise v. Glickman, 257 F.Supp.2d 123, 127 (D.D.C. 2003); Garcia v. Veneman, 211 F.R.D. 15, 19 (D.D.C. 2002).  However, Plaintiff's complaint also contains allegations that he was discriminated against in the administration of federal loan programs, and, to the extent that his complaint can be construed to contain these allegations, these ECOA claims shall proceed.

Defendant argues that Plaintiff's Title VI claims should be dismissed because the processing of claims of discrimination cannot give rise to liability independent of the underlying allegations. Defendant also argues that Title VI does not apply in this case and there has been no waiver of sovereign immunity. Plaintiff does not address this argument in his response. The Court agrees with Defendant that the Plaintiff's claims that Defendant discriminated against him in processing his allegations of discrimination or in administering its farm programs are not actionable under Title VI. See Wise v. Glickman, 257 F.Supp.2d 123, 131-132 (D.D.C. 2003)("[Title VI] does not [cover] the operations of the federal government and its agencies . . . a plaintiff may not bring suit under Title VI for programs maintained directly by federal agencies.") Accordingly, Plaintiff's Title VI claims should be dismissed.

In its motion to dismiss, Defendant also argues that Plaintiff's claims that defendant violated the APA by discriminating against him in his participation in farm loan programs or in the processing of his complaints must fail, because 7 U.S.C. § 6912(e) requires the exhaustion of administrative remedies and Plaintiff has not alleged the exhaustion of his administrative remedies.

The Eighth Circuit Court of Appeals has recently addressed the issue of § 6912(e)'s scope and held, "Section 6912(e) is nothing more than a codified requirement of administrative exhaustion and is thus not jurisdictional." Ace Property and Cas. Ins. Co. v. Federal Crop. Ins. Corp., - - - F.3d - - - -, 2006 WL 645907 (8th Cir. 2006). Because this section is not jurisdictional, a party may be excused from exhausting administrative remedies if the complaint involves a legitimate constitutional claim, if exhaustion would cause irreparable harm, if further administrative procedures would be futile, or if the issues to be decided are primarily legal rather than factual. Id. The Court will, at this time, allow Plaintiff to proceed on his APA claims, however, this may be an appropriate area for the Court to revisit on summary judgment.

**III.   Conclusion**

The Court finds that the Defendant's motions to dismiss in part should be and hereby are **granted in part and denied in part**. Plaintiff's ECOA claims are dismissed to the extent that they allege the improper processing of his administrative civil rights complaint. Further, Plaintiff's Title VI claims that Defendant discriminated against him in processing his allegations of discrimination or in administering its farm programs are dismissed. Plaintiff's ECOA claims involving the discriminatory administration of Defendant's farm programs, and Plaintiff's APA claims shall proceed to trial.

**IT IS SO ORDERED** this 5th day of April, 2006.

                                            /s/ Harry F. Barnes
                                              Hon. Harry F. Barnes
                                              U.S. District Judge